**24-MJ-1075-DLC**

## AFFIDAVIT OF GINA GALANTINO IN SUPPORT OF CRIMINAL COMPLAINT

I, Gina Galantino, state:

### Introduction and Affiant Background

1.      I am a Special Agent with the federal Bureau of Alcohol, Tobacco, Firearms and Explosive ("ATF") and have been so employed since 2020.  I am currently assigned to the Boston Field Office.  I am a graduate of the Federal Law Enforcement Training Center, where I completed ATF Special Agent Basic Training and the Criminal Investigator Training Program. During the course of my law enforcement career, I have participated in the execution of state and federal search and/or arrest warrants for violations of firearms and controlled substance laws.

2.      As a Special Agent for ATF, some of my duties include conducting criminal investigations into cases of illegal possession/transfer of firearms, firearms trafficking, and drug trafficking.   Through my training, knowledge, and experience, I have become familiar with the habits, methods, routines, practices, and procedures commonly employed by persons engaged in the illegal use and trafficking of firearms and controlled substances and the unlawful use or possession of firearms.  I have been the affiant on affidavits in support of federal search warrants and arrest warrants.  I have participated in and performed surveillance and made arrests of firearms and narcotics traffickers who utilize their electronic devices and/or computer equipment to further their illegal activity.  During the course of my professional experience, I have interviewed numerous defendants, witnesses, victims, confidential informants, and other police officers regarding the illegal use and trafficking of firearms and controlled substances and the unlawful use or possession of firearms.  As a result of my training and experience, and information provided to me by other

law enforcement officers, I have an understanding of the various roles played by individuals or

groups involved in the trafficking of controlled substances and firearms.  I have interviewed

admitted drug traffickers, drug users, informants, cooperating defendants, and local, state, and

federal law enforcement officers regarding the manner in which drug traffickers distribute,

obtain, finance, store, manufacture, transport, and distribute illegal drugs.  As such, I am familiar

with the methods, routines, and practices of individuals involved in the use, sale, and trafficking

of narcotics, including those involving purchasing, manufacturing, storing, and distributing

controlled substances, the collection and laundering of illegal proceeds, and the efforts of

persons involved in such activities to avoid detection by law enforcement.  I am also familiar

with the terminology and slang commonly employed by drug traffickers.  I have observed and

examined numerous types of controlled substances and I am familiar with the packaging, pricing

structure, distribution methods, and street jargon associated with their sale and use.  I have also

encountered and become familiar with the various tools, methods, trends, and paraphernalia used

by drug traffickers and trafficking organizations in their efforts to import, conceal, manufacture,

and distribute controlled substances.

3.      Based on my training and experience as an ATF Special Agent, I am familiar with

federal firearms and controlled substances laws.  In this regard, I know that it is a violation of

Title 21, United States Code, Section 841(a)(1) to possess with intent to distribute controlled

substances, including cocaine and marijuana.  I submit this affidavit in support of an application

for a criminal complaint alleging that on or about February 14, 2024, Ritchie LAFOND did

possess with the intent to distribute controlled substances (including cocaine and marijuana), in

violation of Title 21, United States Code, Section 841(a)(1) (the "Target Offense").  As set forth

below, there is probable cause to believe that LAFOND has committed the Target Offense.

4.      The facts in this affidavit come from my personal observations and review of records, my training and experience, and information obtained from other investigators and witnesses.  This affidavit is submitted for the limited purpose of establishing probable cause for the issuance of the requested criminal complaint and arrest warrant.  Accordingly, I have not included each and every fact known to me and other investigators involved in this investigation.

## **PROBABLE CAUSE**

5.      On or about February 14, 2024, federal agents and state law enforcement officers executed a federal search warrant at 2894 Washington Street in Boston, MA.  The location was associated with Heath Street Gang member/associate De'vonne McDonald-Jones.  The officers/agents knocked and announced themselves before entering the location.  When officers/agents entered the location, they observed a male (later identified as LAFOND) run upstairs from the living room of the residence despite being ordered to stop by the officers/agents.  LAFOND subsequently came back downstairs after a few minutes and was observed to be breathing heavily.  Officers/agents also found an adult woman and two children in the residence.

6.      After LAFOND came back downstairs, officers/agents secured the location for their safety and to conduct the search pursuant to the search warrant.  On the third floor of the location, officers/agents found a locked bedroom door requiring a key.  This door was forced open to secure the premises and to later conduct the search pursuant to the search warrant.

7.      In the living room of the location, which was adjacent to the front door, officers/agents observed plastic baggies on the coffee table consistent with drug trafficking

paraphernalia.  In the corner of the living room, officers/agents found 2 plastic bags containing

approximately 914.5 grams of a substance which was consistent with marijuana based on the

training and experience of the officers/agents.  As noted above, LAFOND ran from the living

room area when agents/officers first entered the residence.

8.      In a bedroom on the second floor, officers/agents found indicia of ownership

consistent with McDonald-Jones.  In that bedroom, officers found 3 plastic baggies containing

approximately 29 pills which appeared to be oxycodone pills on the bed in the room.  In a safe in

the closet of the bedroom, officers/agents found approximately 15 rounds of .38 caliber

ammunition, 3 rounds of 9mm ammunition, and indicia of ownership consistent with McDonald-

Jones.

9.      In a bathroom on the third floor, officers/agents found a black bag under the

bathroom sink which contained: (1) approximately one kilogram of a substance containing

cocaine (the kilogram was still in a wrapper); and (2) a large plastic baggie of a substance

containing cocaine.  The presence of cocaine in these two items was confirmed by a field test.

The total weight of the cocaine with packaging was approximately 1,457 grams.  Officers/agents

also located additional wrappers consistent with the packaging used for kilogram-weight cocaine

in the bathroom hamper.

10.     As noted above, one bedroom on the third floor had been locked and was forced

open when the apartment was secured by officers /agents.  Officers/agents recovered the key for

the locked room from LAFOND.  Officers/agents also identified a framed photograph of

LAFOND and a female hanging over the bed in the bedroom.  In the bedroom, officers/agents

found approximately 898.2 grams of marijuana (it was identified as marijuana based on the

training and experience of the officers/agents) packaged in various bags of the right-side area of the bed.  In a dresser in the bedroom, officers/agents recovered: (1) 3 magazines for handguns, and (2) a scale consistent with drug trafficking.  In the closet in the bedroom, officers/agents found a gym bag which held 3 plastic bags of marijuana (it was identified as marijuana based on the training and experience of the officers/agents).  These 3 bags of marijuana had a total weight of 1,602 grams with packaging.  On the left-side of the bed, officers/agents found a bag that held a loaded .380 caliber pistol.  The pistol was loaded with 6 rounds of ammunition with 1 round in the chamber of the pistol.  At the foot of the bed, officers/agents found a Derringer-style .38 caliber pistol in a black jacket.  The pistol was not loaded.  Based on my training and experience, firearms are a common tool of the trade for drug traffickers.  Officers/agents also identified several jackets that were hung up on the back of the door to the bedroom.  These jackets held bulk cash in the jackets' pockets.  The bulk cash amounted to a total of over $240,000.  The recovered bulk cash is consistent with proceeds for drug trafficking activities.  LAFOND was found to have approximately $2,160 on his person.  In a tan jacket hung on the back of the bedroom door with the other jackets, officers/agents recovered a passport with LAFOND's name and picture on it.  In the same tan jacket, officers/agents recovered: (1) what appears to be a silver Rolex watch; (2) what appears to be a silver Brietling watch; (3) what appears to be a silver Movado watch; (4) what appears to be a Benny & Co. watch; (4) what appears to be a Cartier watch; and (5) various pieces of jewelry.  These recovered items are consistent with the proceeds of drug trafficking and were found in the tan jacket with the passport in LAFOND's name.

11.     The seizures of over a kilogram of cocaine (along with wrappers for kilogram-quantities of cocaine), multiple kilograms of marijuana, over $240,000 in bulk cash, two firearms (one of which was loaded), drug trafficking paraphernalia, watches and jewelry are consistent with the distribution of significant amounts of controlled substances from the residence.  As set forth above, the seized evidence also establishes that LAFOND was involved in the distribution of controlled substances, including LAFOND possessing the key to the bedroom where multiple incriminatory objects were seized.

## CONCLUSION

12.     Given the above facts, there is probable cause to believe that Ritchie LAFOND did possess with the intent to distribute controlled substances (including cocaine and marijuana) in violation of Title 21, United States Code, Section 841(a)(1).

_____
Special Agent Gina M. Galantino
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to before me telephonically in accordance with the requirements of Federal Rule of Criminal Procedure 4.1 on March 1, 2024.

_____
HON. DONALD L. CABELL
CHIEF UNITED STATES MAGISTRATE JUDGE



6